**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele Gray,<br><br>    Plaintiff,<br><br>v.<br><br>Capstone Financial, *et al.*,<br><br>    Defendants. | No. CV-21-01333-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Michele Gray's "Emergency Motion for Extension of Time, Motion for Leave to Obtain an Attorney, and Motion for Sanctions" (Doc. 21, Mot.)[1], to which Defendant, Capstone Financial, filed an objection (Doc. 22, Def. Obj.). The Court finds these matters appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.    MOTION(S) FOR EXTENSION OF TIME**

On January 5, 2022, Plaintiff filed a Motion for Extension of Time to "amend claims and subject-matter" in her complaint.[2] Plaintiff claims she is entitled to an extension of time due to health issues, and because she has a surgery scheduled for January 17, 2022. (Mot. at 1-2.)

---

[1] Plaintiff filed a similar motion on January 8, 2022. (Doc. 24).

[2] Although her motion is unclear, the Court assumes Plaintiff is also requesting additional time to respond to Defendant's Motion to Dismiss (Doc. 18). The Court directed Plaintiff to *respond* to Defendant's Motion to Dismiss in its Order dated December 20, 2021, and the deadline with which Plaintiff appears to take issue is the deadline set in that Order. (Doc. 20.) Plaintiff appears to construe filing a response as filing an amended complaint, so the Court takes this opportunity to point out that these are different things, with different procedural requirements. *See* LRCiv 7.2(c) (on responding to a motion); LRCiv 15.1(a) (on amending a complaint).

Defendant argues that Plaintiff should not be granted an extension of time because she has not shown good cause. (Def. Obj. at 1.) Defendant also notes that the Court has already given Plaintiff a generous extension. (Def. Obj. at 1.) This is true—Defendant filed its Motion to Dismiss on December 17, 2021, and pursuant to LRCiv 7.2(c) Plaintiff's response would have been due January 3. 2022.[3] However, the Court entered an Order allowing Plaintiff until January 20, 2022 to file a response. (Doc. 20.)

Although the Court has sympathy for Ms. Gray's health challenges, Ms. Gray has been granted ample time to respond. Not only is her deadline nine days away, but she also still has nearly a full week before her surgery on January 17. Further, in the four-day period between January 5 and January 9, Ms. Gray made five additional filings, which indicates that she has time to respond to Defendant's Motion to Dismiss despite her busy schedule. For these reasons, the Court denies Ms. Gray's Motion for Extension of Time.

Plaintiff also moves the Court for an extension of time to amend her complaint. A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2)**.** Additionally, Local Rule 15.1(a) requires that:

> [a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends by bracketing or striking through the text to be deleted and underlining the text to be added.

LRCiv 15.1(a).

After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir.

---

[3] "The opposing party shall, unless otherwise ordered by the Court and except as otherwise provided by Rule 56 of the Federal Rules of Civil Procedure, and Rules 12.1 and 56.1, Local Rules of Civil Procedure, have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum." LRCiv 7.2(c).

2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Because Defendant moved for dismissal pursuant to Rule 12(b)(6), Plaintiff had 21 days from the date of Defendant's motion to amend her complaint without seeking leave from the Court. Defendant's motion was filed December 17, 2021, so Plaintiff had until January 7, 2022 to amend her complaint without leave from the Court. Plaintiff filed her motion for leave to amend on January 5, 2022, but failed to attach a proposed amended complaint, which rendered the motion useless. In her subsequent, almost identical motion on January 8, 2022, Plaintiff stated that she "doesn't have the expertise to execute an amended complaint," and desires an extension of time to obtain an attorney (Doc. 24 at 3). Again, Plaintiff failed to attach a proposed amended complaint.

Plaintiff's Motions must fail for three reasons. First, Plaintiff suggests she wishes to amend her complaint but fails to explain how she intends to amend the complaint. Plaintiff's Motion attaches no proposed amended pleading, which would warrant denial solely for Plaintiff's failure to comply with the Local Rules. Second, Plaintiff's January 5 Motion was premature and unnecessary, and neither Motion attached a proposed amended complaint, leaving the Court with nothing to act on. Finally, Plaintiff seeks leave to amend for the entire period that it takes for her to obtain legal representation, which could lead to an unreasonable delay in this case. The Court does not grant open-ended motions. Plaintiff's status as a *pro se* litigant does not excuse her from complying with either the Federal Rules of Civil Procedure or this Court's Local Rules. *See, e.g.*, *Faretta v. California*, 422 U.S. 806, 834 & n.46 (1975) (noting that self-representation is not "a license not to comply with relevant rules of procedural and substantive law"). Accordingly, Plaintiff's Motion is denied.

## II.   MOTION FOR LEAVE TO OBTAIN AN ATTORNEY

Plaintiff also moves the Court for leave to obtain an attorney. She asserts that she is seeking an attorney and has already contacted 15 attorneys with no response. She plans to

contact additional attorneys from "a list of 500 pages of attorneys from 'State Bar of Arizona' and '47 pages of Legal Document Preparers.'" (Mot. at 2.)

Defendant argues that Ms. Gray made the choice to proceed as a *pro se* litigant, and this does not entitle her to an "indefinite extension" of time. (Def. Obj. at 1-2.) Defendant also notes that because Ms. Gray is indigent and appears to be unable to afford a lawyer, there is no reason to believe that an attorney will represent her. (Def. Obj. at 2.) Finally, Defendant points out that 16 months have passed since Plaintiff filed her first suits against Defendant in the Northern District of New York and Maricopa County Superior Court, which means she has had 16 months to find counsel. (Def. Obj. at 2.)

The Court agrees with Defendant. Ms. Gray made the initial decision to proceed as a *pro se* plaintiff, and it is unfair to Defendant to delay this matter until Ms. Gray is able to obtain an attorney, which she may ultimately be unable to do. Thus, Plaintiff's Motion is denied.

### III.   MOTION FOR SANCTIONS

Finally, Plaintiff moves the Court for Rule 11 sanctions, and asks the Court to "penalize the defendant and defendant's attorney for making a baseless claim in this litigation," presumably because Defendant argues that Plaintiff failed to state a claim upon which relief could be granted, under Rule 12(b)(6), and lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Mot. at 2; *see* Doc. 18 at 1.)

Rule 11 provides that a person who signs a filing "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

> A motion for [Rule 11] sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Sanctions must be imposed when either, (1) a motion has been filed for an improper purpose, or (2) a motion is "frivolous." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

Defendant argues that Plaintiff has not complied with the requirements for Rule 11 because she did not serve her motion on Capstone and wait 21 days before filing it. (Def. Obj. at 3.) Additionally, Ms. Gray did not file her motion for sanctions separately from any other motion, nor has she described any specific conduct that violates the rule. Therefore, finding that Plaintiff's request for sanctions is neither properly brought before the Court under Rule 11 nor properly supported, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion(s) for extension of time (Docs. 21, 24). Plaintiff must respond to Defendant's Motion to Dismiss (Doc. 18) by January 20, 2022.

**IT IS FURTHER ORDERED** denying Plaintiff's "Emergency Motion for Extension of Time, Motion for Leave to Obtain an Attorney, and Motion for Sanctions" (Docs. 21, 24).

Dated this 11th day of January, 2022.

Honorable John J. Tuchi
United States District Judge