**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele Gray, | No. CV-21-01333-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Capstone Financial, *et al.*, | |
| Defendants. | |

At issue are the following motions:

1)      Defendant CTP Funding, LLC's (dba Capstone Financial ("Capstone")) Motion to Dismiss[1] (Doc. 18, "MTD");

2)      *Pro se* Plaintiff Michele Gray's ("Ms. Gray") "Motion for ADR Stay Proceeding" (Doc. 25), to which Defendant filed a Response (Doc. 34);

3)      Plaintiff's "Emergency Motion[s] for Summary Judgment" (Docs. 26, 27), to which Defendant filed one Response to both (Doc. 33);

4)      Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 35);

---

[1] In the Court's Orders dated December 20, 2021 (Doc. 20) and January 11, 2022 (Doc. 29), the Court directed Plaintiff to respond to Defendant's Motion to Dismiss by January 20, 2022, pursuant to LR Civ. 7.2(i) and Federal Rule of Civil Procedure 41. Plaintiff failed to adhere to the Court's Orders and never filed a Response, seemingly choosing to file an Amended Complaint, without leave of Court, on January 19, 2022 instead. (*See* Doc. 32.) Plaintiff's non-compliance with the Court's Orders alone is sufficient for the Court to dismiss the present action. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court may dismiss an action for failure to comply with any order of the court), cert denied, 506 U.S. 915 (1992). Nonetheless, the Court will briefly address the merits of Plaintiff's Complaint and Defendant's Motion to Dismiss.

5)   Defendant's Motion for Order to Show Cause Why Plaintiff Should Not Be Declared a Vexatious Litigant and Subject to Pre-Filing Requirements (Doc. 36); and

6)   Plaintiff's Motion for Rule 16 Conference (Doc. 42).

The Court finds these matters appropriate for resolution without oral argument. LRCiv 7.2(f).

## I.   BACKGROUND

Plaintiff alleges that in September 2016, Defendant made a loan to Plaintiff's business, "Cheetah Foods, LLC" ("Cheetah") in the principal amount of $123,000. (Doc. 1, Complaint ("Compl.") ¶¶ 2-4; MTD at 2.) The loan was evidenced by a promissory note[2] ("Note") signed by Cheetah, which Plaintiff signed in her capacity as Managing Member of Cheetah. (MTD, Ex. A.) The terms of the Note indicate that Plaintiff was to pay interest only, at the rate of 14% per year, and the entire principal balance would become due approximately one year later on September 30, 2017.[3] (MTD, Ex. 2.) The Note was secured by a mortgage ("Mortgage") on real property located at 306 Peters Creek Dr., Summerville, SC 29483 ("Property"). (MTD, Ex. C.) The Mortgage reflects that the Property had been conveyed to Cheetah Foods by Plaintiff on July 28, 2015. (MTD, Ex. C at 4, Ex. E[4].) Evidently, Plaintiff deeded the Property back to herself in October 2017. (Compl. ¶ 12, Ex. 5 at 48-50; MTD, Ex. F.)

Also in September 2016, in the course of obtaining the subject loan, Plaintiff signed a Business Investor Certificate on behalf of Cheetah, certifying that the loan "is being

---

[2] The Court acknowledges that the note and other loan documents discussed in this Order were not attached to Plaintiff's Complaint; the Court may nonetheless consider them without converting Defendant's motion to dismiss into a motion for summary judgment because "plaintiff refers extensively to the document[s] or the document[s] form[] the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[3] In her Compliant, Plaintiff alleges that she "borrowed $123,000; $1,500 monthly and a 14% interest rate for two years due to mature in 2018 for the total amount of $123,000." (Compl. ¶ 4.) However, Plaintiff provides no documentation to support this allegation.

[4] The Court may consider a deed at the Motion to Dismiss stage because it is a matter of public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (holding that a court may take judicial notice of, and properly consider, matters of public record).

funded to Buyer for Buyer's use for business, commercial, investment or other similar purposes and not for personal, consumer, family, household, educational, agricultural or other similar use." (MTD, Ex. B.) The document also certified that both the Borrower and Guarantor "acknowledge the loan on the Property is a commercial loan collateralized by residential property, and as such is not subject to any federal, state, or usury laws in regards to consumer or personal residence financial transactions." (MTD, Ex. B.)

At some point in 2016, Plaintiff was no longer able to make her monthly payments. (Compl. ¶ 7.) She alleges that she reached out to a "lose mitigation" servicing company and was "denied by the lender/servicing company." (Compl. ¶ 8.) Additionally, Plaintiff claims that instead of helping her, Defendant "changed the matured date $123,000.000 due in 2017 instead of 2018." (Compl. ¶ 9; *see also* MTD, Ex. A (promissory note dated September 15, 2016, reflecting that the balance of the loan "shall become due and payable on 9/30/2017).)

Subsequently, Defendant filed a complaint to foreclose its Mortgage on the Property in the Court of Common Pleas for Berkeley County, South Carolina. (MTD at 3; *CTP Funding, LLC v. Cheetah Foods, LLC*, Case No. 2018CP0800231.) Shortly thereafter, in June 2018, Plaintiff filed a Chapter 7 bankruptcy petition, which temporarily stayed Defendant from proceeding with the foreclosure pursuant to 11 U.S.C. § 362(a). (*In re: Michele Gray aka Michelle Gray*, No. 6:18-bk-14742-WJ; Compl. ¶¶ 14-15, Ex.6; MTD at 3.) On August 30, 2018, the Bankruptcy Court entered an order granting stay relief to allow Defendant to complete the foreclosure of the Mortgage on the Property. (Compl. Ex. 6.) The Order contained a finding that the bankruptcy case "was part of a scheme to hinder, delay, or defraud creditors that involved: (1) The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or (2) Multiple bankruptcy cases affecting the Property." (Compl., Ex. 6 at 2.) In November 2019, the Court of Common Pleas in South Carolina entered a final judgment finding that Cheetah was in default on the Note, and ordering that the Property

be sold at public auction. (Compl., Ex. 8 at 6.) The Property was sold at a foreclosure sale on January 2, 2019. (Compl., Ex. 9.)

In her Complaint, Plaintiff alleges that she neither appeared nor had the opportunity to request an attorney for the foreclosure proceedings because all documents were sent to her sister's address in New York, not her address, which was the subject Property. (Compl. ¶ 18.) However, as Defendant observes, the New York address to which documentation was sent is the same address listed as Plaintiff's residence on the quitclaim deed she executed conveying the property from Cheetah to herself in October 2017. (MTD, Ex. F.)

Prior to bringing the present action, Plaintiff filed a Complaint against Defendant and its principal Tyler Stone ("Mr. Stone") in the U.S. District Court for the Northern District of New York. *See Gray v. Capstone Financial*, No. 1:20-cv-00896-GLS-CFH (filed August 10, 2020). The court dismissed all of Plaintiff's federal claims with prejudice, dismissed her state law claims without prejudice, and granted her leave to amend. *Id.*, Docs. 5, 6. Plaintiff voluntarily dismissed the case on June 8, 2021. *Id.*, Doc. 6. Plaintiff also filed a complaint against Defendant and Mr. Stone in Maricopa County Superior Court on February 10, 2021. *See Gray v. Capstone Financial*, No. CV2021-0022255. The Maricopa County Superior Court granted Defendant's Motion to Dismiss in June 2021. (MTD, Exs. J, K, L, M.)

Plaintiff filed suit in this Court on August 2, 2021, alleging "improper serve," wrongful foreclosure, violation of the Arizona Consumer Fraud Act, defamation, violations of various provisions of the Truth in Lending Act ("TILA"), contract and tort claims, violation of the Social Security Act, violation of the Arizona Statute of Frauds, and criminal fraud. (*See generally*, Compl.) On December 18, 2021, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff's claims are barred by claim preclusion and lack any substantive merit. (MTD at 1, 6-7.) Defendant argues that the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff does not "identify any act or omission that could give

1  rise to a viable claim for relief under even the most liberal and generous reading of her

2  Complaint." (MTD at 7.)

## II.    DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

To begin, the Court addresses Defendant's Motion to Strike Plaintiff's Amended Complaint. Apparently in lieu of a Response, Plaintiff filed an Amended Complaint (Doc. 32), which Defendant has moved to strike (Doc. 35). The Court grants Defendant's Motion for the same reasons outlined in its Order dated January 11, 2022, which Plaintiff disregarded in filing her Amended Complaint. (*See* Doc. 29 at 2.)

In its Order, the Court clearly delineated the rules for filing an amended complaint:

> A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Additionally, Local Rule 15.1(a) requires that:
>
> > [a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends by bracketing or striking through the text to be deleted and underlining the text to be added. LRCiv 15.1(a).
>
> After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

(Doc. 29 at 2-3.)

The Order further explained that Plaintiff had until January 7, 2022, to amend her complaint without leave from the Court, which she failed to do. (Doc. 29 at 3.) When Plaintiff filed her Amended Complaint on January 19, 2022, she did so without leave from the Court, and she failed to obtain consent from Defendant. (Doc. 35 at 1.) In doing so, Plaintiff not only violated the Court's Order, but also violated Federal Rule of Civil Procedure 15(a)(2). This Court has already informed Plaintiff that her status as a *pro se* litigant does not excuse her from following the Federal Rules of Civil Procedure and this Court's Local Rules. *See,*

*e.g., Faretta v. California*, 422 U.S. 806, 834 & n.46 (1975). The operative Complaint in this matter remains Plaintiff's August 2, 2021 Complaint, which Defendant relied upon in formulating its Motion to Dismiss.

## III.   DEFENDANT'S MOTION TO DISMISS

### A.   Legal Standard

#### a.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### b.   Claim Preclusion

The judicially created doctrine of claim preclusion, or *res judicata*, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations and citations omitted). Federal courts must look to state law to determine the preclusive effect of a state court judgment. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same

1  parties was, or might have been, determined in the former action. *Hall v. Lalli*, 977 P.2d

2  776, 779 (Ariz. 1999). Arizona follows the "same evidence test" in which "the plaintiff is

3  precluded from subsequently maintaining a second action based upon the same transaction,

4  if the evidence needed to sustain the second action would have sustained the first action."

5  *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008) (internal citation omitted).

6           **c.     *Rooker-Feldman Doctrine***

7           The *Rooker-Feldman* doctrine derives from two Supreme Court decisions, *Rooker*

8  *v. Fid. Trust Co*., 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S.

9  462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal

10 district courts cannot review state court decisions in an appellate capacity. The Ninth

11 Circuit Court of Appeals has stated that *Rooker-Feldman* "prevents federal courts from

12 second-guessing state court decisions by barring the lower federal courts from hearing *de*

13 *facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th

14 Cir. 2003). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in

15 federal district court complains of a legal wrong allegedly committed by the state court and

16 seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir.

17 2004).

18       **B.     Analysis**

19       Plaintiff's Complaint alleges 18 claims. (*See generally* Compl.) Defendant grouped

20 Plaintiff's related claims together in its Motion to Dismiss, and the Court follows the

21 structure of Defendant's briefing here. As the Court mentioned *supra*, Plaintiff's blatant

22 disregard for the Court's Orders directing her to file a response is reason enough to grant

23 Defendant's Motion to Dismiss. *See Ferdik*, 963 F.2d at 1260. Nonetheless, the Court

24 briefly discusses the merits of both Plaintiff's Complaint and Defendant's Motion to

25 Dismiss, and grants, with prejudice, the entirety of Defendant's Motion.

26

27

28

1

2

> **a.**     **Counts I ("Improper Serve") and XV (Quiet Title/Wrongful Foreclosure)**

3

Plaintiff alleges that Defendant failed to properly serve the South Carolina

4

foreclosure complaint. (Compl. at 11-13.) She also alleges "Quiet title, bringing foreclosure

5

without properly notifying the borrow/plaintiff," and "Wrongful foreclosure, the actions

6

the defendant of the foreclosure deem wrongful." (Compl. at 24.)

7

First, as Defendant correctly observes, Arizona courts do not recognize a claim for

8

wrongful foreclosure. (MTD at 8.) Put simply, "a person who has defenses or objections to

9

a properly noticed trustee's sale has one avenue for challenging the sale: filing for

10

injunctive relief." *Zubia v. Shapiro*, 408 P.3d 1248, 1251 (Ariz. 2018) (quoting *BT Capital,*

11

*LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 599 (Ariz. 2012)). It is undisputed that Plaintiff

12

failed to bring an action for injunctive relief as required by A.R.S. § 33-811(C).

13

Second, Defendant argues that claim preclusion and the *Rooker-Feldman* doctrine

14

bar Plaintiff's claims. (MTD at 8.) The Court agrees. When the South Carolina Court of

15

Common Pleas entered judgement in favor of Defendant, it conclusively determined the

16

validity of the foreclosure, precluding Plaintiff's claim in this Court. *See, e.g. Hall*, 977

17

P.2d at 779.

18

Further, the *Rooker-Feldman* doctrine deprives the Court of subject matter

19

jurisdiction over claims that are "inextricably intertwined with the merits of a state-court

20

judgment," including claims for which "the relief requested in the federal action would

21

effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d

22

772, 779 (9th Cir. 2012). Plaintiff's allegation that improper service renders the South

23

Carolina foreclosure judgment void is precisely the kind of *de facto* appeal of a state court

24

judgment that *Rooker-Feldman* forbids. *See Noel*, 341 F.3d at 1163. For these reasons, the

25

Court dismisses Plaintiff's Counts I and XV with prejudice.

26

> **b.**     **Counts II and X (Arizona Consumer Fraud Act)**

27

Plaintiff alleges violations of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521

28

*et seq.* (Compl. 13-14, 23.) "The elements of a private cause of action under the act are a

false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 87 (Ariz. Ct. App. 1983). "[T]he overwhelming authority in Arizona specifically requires proof of actual reliance." *Stratton v. Am. Med. Sec., Inc.*, 266 F.R.D. 340, 349 (D. Ariz. 2009). Defendant contends that Plaintiff does not show that it made any false statements, does not explain how she relied on any false statements, and does not identify any injury she suffered as a direct and proximate result of her reliance on Defendant's false statements. (MTD at 8-9.) Thus, her claims must fail. The Court agrees with Defendant and dismisses Plaintiff's Counts II and X with prejudice.

### c.   Count III Defamation

Plaintiff also alleges Defendant defamed her in stating that she "was attempting to evade debt when plaintiff filed Chapter 7 in US Bankruptcy Court of California." (Compl. at 15.) To state a claim for defamation under Arizona law, Plaintiff must allege that (1) Defendant made a false and unprivileged statement; (2) the statement was published or communicated to someone other than Plaintiff; and (3) the statement tends to harm Plaintiff's reputation. *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989); *Lundin v. Discovery Commc'ns Inc.*, 352 F. Supp. 3d 949, 960 (D. Ariz. 2018). "A party to a private litigation ... is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." *Hall v. Smith*, 152 P.3d 1192, 1195 (Ariz. Ct. App. 2007).

Here, not only was Defendant's allegedly defamatory statement made in private litigation, but Plaintiff does not even allege that the statement was false. Moreover, as Defendant observes, the Bankruptcy Court held that Plaintiff's petition "was part of a scheme to hinder, delay, or defraud creditors that involved [t]he transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor

1 | or court approval." (MTD at 9; Compl., Ex. 6 at 2.) Accordingly, Plaintiff's Count III is
2 | dismissed with prejudice.

3 |         **d.    Counts VI through VIIII [sic] and XI (TILA)**

4 |     Plaintiff alleges violations of several provisions of the TILA, 15 U.S.C.A. § 1631 *et*
5 | *seq.* (Compl. at 18-22, 24.) Defendant argues that all of Plaintiff's claims must fail because
6 | the TILA statutes and implementing regulations do not apply to the loan at issue. The Court
7 | agrees with Defendant.

8 |     The TILA statutes only apply to transactions "in which the party to whom credit is
9 | offered or extended is a natural person, and the money, property, or services which are the
10 | subject of the transaction are primarily for personal, family, or household purposes."
11 | 15 U.S.C.A. § 1602(i) (defining "consumer"). The regulations implementing TILA apply
12 | only "when four conditions are met:"

13-15 |
> (i)     The credit is offered or extended to consumers;
> (ii)    The offering or extension of credit is done regularly;
> (iii)   The credit is subject to a finance charge or is payable by a written agreement in more than four installments; and
> (iv)   The credit is primarily for personal, family, or household purposes."

16 | 12 C.F.R. § 1026.1(c)(1).

17 |     Here, Defendant made the loan to Cheetah, a business entity. Plaintiff, on behalf of
18 | Cheetah, expressly warranted that the loan "is being funded to Buyer for Buyer's use for
19 | business, commercial, investment or other similar purposes and not for personal, consumer,
20 | family, household, educational, agricultural or other similar use." (MTD, Ex. B.)
21 | Defendant also notes that even if the TILA did apply, Defendant's claim would be
22 | untimely. (MTD at 10.) Actions alleging violations of TILA disclosure requirements must
23 | be filed "before the end of the 3-year period beginning on the date of the occurrence of
24 | the violation." 15 U.S.C.A. § 1640(e). The loan at issue was made on September 15, 2016,
25 | so any action alleging a TILA disclosure violation must have been filed by September 15,
26 | 2019. Plaintiff did not file this action until February 2021. For these reasons, the Court
27 | dismisses Plaintiff's Counts VI through VIIII [sic] and XI with prejudice.

28 |

1    **e.    Counts XII through XVI (Contract and Tort Claims)**

2        Plaintiff alleges breach of contract, intentional and negligent infliction of emotional

3    distress, and fraud, but does not recite the elements of these claims, nor does she plead any

4    facts to support these claims. (Compl. at 24.) Plaintiff's failure to do so is fatal for her

5    contract and tort claims, but even if they had been properly pled, these claims would not

6    survive.

7        In failing to allege any breach of the relevant contracts by Defendant, Plaintiff failed

8    to state a claim for breach of contract. Further, the documentation provided to the Court by

9    both parties does not evince any breach of the relevant contracts. Therefore, the Court must

10   dismiss Plaintiff's breach of contract claim with prejudice.

11       Plaintiff's tort claims are also barred. The economic loss rule "limit[s] a contracting

12   party to contractual remedies for the recovery of economic losses unaccompanied by

13   physical injury to persons or other property." *Flagstaff Affordable Hous. Ltd. P'ship v.*

14   *Design All., Inc*., 223 P.3d 664, 667 (Ariz. 2010). A contracting party cannot assert tort

15   claims for "purely economic loss" when the parties' relationship is governed by a contract.

16   *Cook v. Orkin Exterminating Co., Inc.*, 258 P.3d 149, 154 (Ariz. Ct. App. 2011). The

17   relationship between Capstone and Cheetah (and therefore Plaintiff, as Cheetah's

18   guarantor) arose from and is governed by written contracts. It follows that Plaintiff cannot

19   sue Defendant for fraud.

20       Finally, Plaintiff has failed to state a claim for relief with respect to her emotional

21   distress claims. Conduct supporting a claim for intentional infliction of emotional distress

22   must be "extreme" and "outrageous." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987)

23   (internal citations omitted). To state a claim for negligent infliction of emotional distress

24   under Arizona law, a plaintiff must show bodily harm. *Monaco v. Health Partners of S.*

25   *Ariz.*, 995 P.2d 735, 738-39 (Ariz. Ct. App. 1999). Plaintiff alleges no facts to support a

26   claim for either negligent or intentional infliction of emotional distress. Nor could Plaintiff

27   plead any facts to show that Defendant's conduct was extreme and outrageous, or even

28   negligent. Accordingly, Plaintiff's Counts XII through XVI are dismissed with prejudice.

### f.   Count XVII (Social Security Act)

Plaintiff's Complaint attempts to summarize the Social Security Act, 42 U.S.C. § 407. (Compl. at 24.) The Act provides that Social Security benefits "shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407. As Defendant points out, the Act does not provide that a person receiving Social Security benefits is immune from lawsuits or awarding attorneys' fees in litigation she has instigated, nor does it create a cause of action. (MTD at 11.) Further, Plaintiff fails to allege that Defendant has attempted to enforce its attorneys' fee award from any previous case, nor does she allege that Defendant has attempted to garnish her social security benefits for any reason. Plaintiff's Count XVII is dismissed with prejudice.

### g.   Counts XVII [sic] (Statute of Frauds) and XVIII (Criminal Fraud)

Plaintiff also cites to the Arizona Statute of Frauds, A.R.S. § 44-101, which precludes the enforcement of certain agreements that are not memorialized in a signed writing. She also cites A.R.S. § 13-2310, which is a criminal statute prohibiting fraudulent schemes. Defendant is correct to observe that neither of these statutes create any affirmative cause of action. (MTD at 11.) Plaintiff has also failed to allege any facts that would support a civil fraud claim of any kind. Thus, Plaintiff's Counts XVII [sic] and XVIII are dismissed with prejudice.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court will dismiss Plaintiff's Complaint with prejudice. Because the Court grants Defendant's Motion to Dismiss, Plaintiff's Motion to Stay (Doc. 25), Emergency Motion(s) for Summary Judgment (Docs. 26, 27), and Motion for Rule 15 Conference (Doc. 42) are denied as moot.

IV.     **DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**

Defendant requests that the Court enter an order setting a hearing directing Plaintiff to appear and show cause why the Court should not enter an order declaring her a vexatious litigant and screen all of Plaintiff's future filings against Defendant in all courts. (Doc. 36 at 1.) Defendant proffers that it is "seeking to utilize a show cause procedure to ensure that Plaintiff will be given sufficient notice of the potential entry of a pre-filing order and an opportunity to be heard." (Doc. 36 at 2.) Although Plaintiff's pleadings in multiple courts have contained a variety of frivolous claims, the Court will deny this request. Even if Plaintiff is given the opportunity to appear at a show cause hearing, declaring an individual a vexatious litigant is an "extreme remedy" and should only be done where it is narrowly tailored, and other sanctions are inadequate. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 2015); *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014).

The Ninth Circuit has articulated the following requirements for finding a litigant vexatious: "(1) plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." *Reiner v. Graiwer*, 2015 WL 9999191 at *11 (C.D. Cal. Nov. 25, 2015) (citing *De Long*, 912 F.2d at 1147-49). Defendant points to Plaintiff's complaint and numerous frivolous filings in the current litigation, as well as those in Maricopa County Superior Court and the Northern District of New York to argue that a pre-filing order is necessary to "prevent plaintiff from continuing her pattern of abusive and duplicative litigation." (Doc. 36 at 4-5.)

In *Ringgold-Lockhart*, the Ninth Circuit declined to decide whether a litigant's motion practice in two district court cases "could ever be so vexatious as to justify" a pre-filing injunction, but noted that "[s]uch a situation would at least be extremely unusual, in light of the alternative remedies available to district judges to control a litigant's behavior

in individual cases." 761 F.3d at 1062. In that case, the plaintiff filed numerous motions to vacate and reiterated "old facts and arguments." *Id.* at 1065. If a pre-filing injunction was improper there, it would be improper here, where Plaintiff has sued Defendant in only two district courts, and the Court has dismissed Plaintiff's claims with prejudice in the present action.

Plaintiff, however, should not take this Court's refusal to hold a show cause hearing on the issue of whether it should deem her vexatious as a sign that the Court believes she has acted appropriately in this litigation. Plaintiff repeatedly failed to abide by the Court's instructions and levied unsupported accusations against Defendant that wasted both the Court's and Defendant's time and resources. As the Ninth Circuit acknowledged in *Ringgold-Lockhart*, "[a]t some point, a federal pre-filing injunction may well be needed to protect judicial resources and the defendants from litigation related to this case," and the Court cautions Plaintiff that the same could be true on the facts at hand.

## V.   ATTORNEYS' FEES

Pursuant to A.R.S. §§ 12-341.01 and 12-349, Defendant requests its attorneys' fees and costs in defending this action because Plaintiff's claims arise from contractual agreements between the parties. The Court agrees that, under A.R.S. §§ 12-341.01 and 12-349, Defendant is entitled to seek reasonable attorneys' fees and costs and may submit an application for fees and costs that complies with the applicable rules.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss in its entirety, with prejudice (Doc. 18) and Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 35).

**IT IS FURTHER ORDERED** denying Defendant's Motion for Order to Show Cause (Doc. 36).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Stay Proceeding (Doc. 25), Emergency Motions for Summary Judgment (Docs. 26, 27), and Motion for Rule 16 Conference (Doc. 42).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

**IT IS FURTHER ORDERED** that Defendant shall file any application for fees within 14 days of the date of this Order.

Dated this 28th day of July, 2022.

Honorable John J. Tuchi
United States District Judge